IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL GUERRERO,** | : | **CIVIL NO. 1:CV-13-0287** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **MONICA RECTENWALD,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Miguel Guerrero, an inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania. Petitioner alleges that his constitutional rights were violated in the context of a disciplinary proceeding. For the following reasons, the petition will be denied.

## **I.    Facts**

On October 4, 2012, at approximately 10:45 a.m., Petitioner was directed to report to the FCI-Allenwood chapel for a meeting with staff members from Immigration and Customs Enforcement ("ICE") about potential deportation. (Doc. 7-1 at 19, Incident Report.) Correctional Officer ("CO") K. Feliciano reported that Petitioner arrived in an agitated state and told the ICE officers that he would not sign any of their papers. (*Id*.) CO Feliciano instructed Petitioner to sit down and explain

his concerns, at which point, Petitioner continued to speak loudly. (*Id.*) This series of events gained the attention of other inmates, whom Petitioner then instructed not to sign any ICE paperwork or otherwise cooperate with ICE staff. (*Id.*) Apparently, two inmates complied with Petitioner's instructions, as two inmates subsequently refused to sign paperwork or cooperate with ICE. (*Id.*)

As a result of this incident, Petitioner was issued an incident report on October 4, 2012, which charged him with Engaging in a Group Demonstration, in violation of Section 212 of the Bureau of Prisons ("BOP")'s disciplinary code. (*Id.*) The incident report was delivered to Petitioner at 6:45 p.m. that same day. (*Id.*)

On October 6, 2012, the Unit Disciplinary Committee ("UDC") held a hearing on Petitioner's charge and referred the charge to the Disciplinary Hearing Officer ("DHO") for further hearing. (*Id.*) At the UDC hearing, Petitioner was provided with and signed the "Inmate Rights at Discipline Hearing" form, which informed him that, since he was charged with a violation of BOP rules or regulations, the matter was being referred to the DHO for disposition. (*Id.* at 23.) Petitioner also was provided with and signed the "Notice of Discipline Hearing Before the DHO" form. (*Id.* at 25.) On that form, Petitioner declined the services of a staff representative, and requested two witnesses at the DHO hearing. (*Id.*)

The DHO held a hearing on October 11, 2012. (*See id*. at 27-29.) At the hearing, Petitioner acknowledged that he understood his rights before the DHO. (*Id*. at 27.) He waived staff representation and made the following statement:

> I came in and asked why I was there to see immigration. They told me I was there for immigration and told me I was facing deportation and I had to sign something; I told them I wasn't signing anything until I talked to my lawyer and they were violating my Constitutional rights. I tried to explain to the lieutenant that I didn't want to sign anything.

(*Id*.) Further, Petitioner presented two inmate witnesses. (*Id*.) The first witness stated, "I was in the Chapel for immigration but I didn't see or hear anything. I have nothing more to say." (*Id*.) The second witness stated, "I was at immigration in the Chapel but I don't know anything that may have happened; I don't know anything." (*Id*.) No procedural issues were cited and Petitioner presented no documentary evidence for the DHO to consider. (*Id*.)

The DHO relied on the incident report and investigation, as well as the statements of Petitioner and his witnesses, to conclude that, by a greater weight of the evidence, Petitioner had committed the lesser offense of Insolence, which is a violation of Section 312 of the BOP disciplinary code. (*Id*. at 28.) Specifically, the DHO concluded the following:

> The DHO believed the information provided by the staff member involved in this case, as they derived not known benefit providing false information. The DHO finds the charge for code 312 to be supported in this case based upon the greater weight of evidence cited in this report as well as the content of the inmate's statement directed toward the staff

> member. His demeanor toward the staff officer was disrespectful and considered to be insolent which detracted [from] the officer's ability to effectively supervise their area of responsibility. The DHO finds the Disallowance of Good Conduct Time to be justified based upon the severity of the offense as well as a corrective action to both punish and prevent further misconduct.

(*Id*.) As a result, the DHO sanctioned Petitioner with fifteen days of disciplinary segregation, disallowance of thirteen days of good conduct time, and a four month loss of telephone and visiting privileges. (*Id*. at 29.) A copy of the DHO's report was provided to Petitioner on October 22, 2012. (*Id*.)

## II. Discussion

The BOP disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541 through 541.8.[1] These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.5. Staff is required to conduct the investigation promptly absent intervening circumstances beyond the control of the investigator. 28 C.F.R. § 541.5(b).

---

[1] The BOP revised this section of Title 28 at 28 C.F.R. §§ 541 through 541.8, effective June 20, 2011.

4

Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.7. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. (*Id.*) If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a DHO for a hearing. (*Id.*) Because Petitioner was charged with Engaging in a Group Demonstration, an offense in the high severity category, the matter was referred for a disciplinary hearing.

High category offenses carry, *inter alia*, a possible sanction of loss of good conduct time credits. 28 C.F.R. § 541.3. When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the inmate receive (1) written notice of the claimed violation at least 24 hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).

Further, despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under § 2241. *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion promotes a number of goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Courts, however, have excused exhaustion when it would not promote these goals. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion excused upon petitioner demonstrating futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with the prison grievance process set forth in the Code of Federal Regulations. *See* 28 C.F.R. § 542.10-.23; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL

2155544, *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff will then attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution in which he is confined. *Id*. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id*. at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, *3 (3d Cir. July 15, 2008).

In the response to the instant habeas petition, Respondent claims that the petition should be dismissed because Petitioner failed to complete the BOP's administrative appeals process prior to filing in this court. However, because the court concludes that the instant petition is without merit, it need not determine whether to excuse Petitioner's failure to exhaust.

Turning to the merits of the petition, Petitioner challenges the sufficiency of the evidence used to find him guilty of the Code 312 violation. In addressing the petition, the court will address all of the procedural requirements in Petitioner's case.

7

### A. Sufficiency of the Evidence

The DHO's decision is required to be supported by some evidence in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Young v. Kann*, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying *Hill* standard to federal prisoner due process challenges to prison disciplinary proceedings). The standard is met if there was a modicum of evidence from which the conclusion of the tribunal could be deduced. *See Hill*, 472 U.S. at 455. Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether there is evidence in the record that supports the DHO's conclusion. *See id*.

In the instant case, Petitioner contends that evidence was not sufficient for a finding of the Code 312 violation, stating "the alleged incident never occurred and the alleged charge was a total fabrication." (Doc. 2 at 3.) However, reviewing the evidence, *see supra* Part I, the court finds that there was "some evidence" to support the DHO's decision. The written incident report of the reporting Officer and Petitioner's own statement, as well as those of two witnesses, confirm that the DHO acted with a sound evidentiary basis. *Hill*, 472 U.S. at 455-56. Thus, the petition will

be denied with respect to Petitioner's claim that there was insufficient evidence to support the DHO's decision.

### B. Notice of Charges and Investigation

The record demonstrates that Petitioner received adequate notice of the incident report from the investigating officer. (Doc. 7-1 at 19.) Under 28 C.F.R. § 541.5(a), "A staff member will issue [the inmate] an incident report describing the incident and the prohibited act(s) [the inmate] are charged with committing. [The inmate] will ordinarily receive the incident report within 24 hours of staff becoming aware of [the inmate's] involvement in the incident." *Id*. The record in this case reflects that Petitioner received notice of the charges against him at 6:45 p.m. on October 4, 2012, which was within 24 hours of the incident that took place at 10:45 a.m. that same day. (*Id*.)

Additionally, the record reflects that the charges against Petitioner were promptly investigated. (*Id*. at 19-20.) Following the issuance of the incident report, a prompt investigation must be undertaken. 28 C.F.R. § 541.5(b). However, absent a showing of prejudice, a technical violation of BOP regulations does not automatically require that a disciplinary sanction must be vacated and remanded. *Von Kahl v. Brennan*, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994) (finding that in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been

met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief). The record reflects that a BOP official, J. Brown, completed an investigation on October 4, 2012, within approximately 24 hours of the incident. (*Id.* at 20.) Petitioner was provided with the incident report on that same day. (*Id.* at 19.) In his report, the investigator noted that, when Petitioner was handed a copy of the incident report, he had a "poor attitude," and stated, "Yes I refused. I was exercising my constitutionally protected rights." (*Id.* at 20.) Since the record shows that an investigation was conducted by a BOP official in a prompt manner, and that the incident report was delivered promptly to Petitioner, the court concludes that Petitioner was not prejudiced by a violation of BOP regulations. Thus, the petition will be denied with respect to any challenge to the notice of the charges and investigation.

### C. Representation at DHO Hearing

The record reflects that Petitioner was given the opportunity to have staff representation at the DHO hearing. (*Id.* at 27-29.) It is noted that a prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceedings. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). *See also Bermudez v. Holt*, No. 1:09-CV-0741, 2010 WL 55713, at *5 (M.D. Pa. Jan. 4, 2010). Rather, due process requires that inmates be provided with

assistance only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570. In this case, it is documented that Petitioner waived his right to the staff representation at the DHO hearing. (Doc. 7-1 at 27.) The DHO report also indicates that, at the outset of the hearing, Petitioner was advised of his rights and he indicated that he understood those rights. (*Id.*) There is no allegation that Petitioner is illiterate, and the issues involved in the case were not complex. Accordingly, the petition will be denied with respect to any challenge to staff representation.

### D. Statement, Witnesses, and Documentary Evidence

The record reflects that, prior to the DHO hearing, Petitioner was advised of, and indicated that he understood, his rights with regard to making a statement and presenting witness testimony and documentary evidence. (*Id.*) First, the court notes that Petitioner did make a statement. (*Id.*) There is nothing in the record reflecting that Petitioner was prevented from providing further testimony. Moreover, with respect to witnesses, it is noted initially that the DHO is not required to call witnesses. The regulations state, in pertinent part, that "[t]he DHO will call witnesses who have information directly relevant to the charge(s) and who are reasonably available.

11

However, the DHO need not call witnesses adverse to you if their testimony is adequately summarized in the incident report or other investigation materials." 28 C.F.R. § 541.8(f)(2). In this case, the DHO allowed Petitioner to present two witnesses. (Doc. 7-1 at 27.) Again, there is nothing the record reflecting that Petitioner was prevented from providing further witness testimony, or would even benefit from further testimony to support his defense. Although Petitioner asserts in his petition that the DHO refused his request to review video surveillance, he does concede that the DHO allowed him to present witness testimony. (Doc. 2 at 3.) The DHO relied on that witness testimony, as well as Petitioner's own statement and the incident report and investigation, in making his decision. (Doc. 7-1 at 28.) As a result, the court cannot find that the lack of witness testimony and documentary evidence presented at the DHO hearing resulted in a violation of Petitioner's due process rights. The petition will be denied with respect to any challenge to Petitioner's rights to make a statement and to present witness testimony and documentary evidence.

**E.** **Sanctions**

The record reflects that the sanctions imposed by the DHO are within the limits prescribed in BOP regulations. (Doc. 7-1 at 29.) The sanctions that may be imposed

12

upon a finding of guilt of a moderate category offense include, *inter alia*, forfeiture of up to 30 days of good conduct time, up to 3 months of disciplinary segregation, and loss of privileges. 28 C.F.R. § 541.3. Petitioner is not entitled to relief on this ground because the sanctions imposed upon him were within the limits prescribed in this regulation.

Further, Petitioner's penalties plainly fall "within the expected perimeters of the sentence imposed by a court of law," and does not "[impose] atypical and significant hardship on [petitioner] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 485 (1995). Therefore, because the sanctions imposed in this case fall well within the regulatory scheme for such disciplinary infractions, the petition will be denied with respect to any challenge to the sanctions imposed.

## III. <u>Conclusion</u>

For the above stated reasons, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

                                             s/Sylvia H. Rambo  
                                             United States District Judge

Dated: March 18, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL GUERRERO,** | : | **CIVIL NO. 1:CV-13-0287** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **MONICA RECTENWALD,** | : | |
| Respondent | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                       s/Sylvia H. Rambo
                       United States District Judge

Dated: March 18, 2013.